1   Che L. Hashim (State Bar No. 238565)
**LAW OFFICES OF CHE L. HASHIM**
2   861 Bryant Street
San Francisco, CA 94103
3   Telephone:    (415) 487-1700
Facsimile:    (415) 431-1312
4

5   Attorney for Plaintiff
LONDELL AUSTIN

6                 CV 10   3795

7

          **UNITED STATES DISTRICT COURT**

8

      **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9

10  LONDELL AUSTIN,        )  Case No.:
                          )
        Plaintiff,     )
11                     )
      vs.           )
12                     )  <u>COMPLAINT FOR DAMAGES</u>
   J. BAUER (Vallejo Police Department Star ) (42 U.S.C §§ 1983; and pendant tort claims)
13  #586), J. HUFF (Vallejo Police Department )
   Star #591); individually and in their capacities ) <u>JURY TRIAL DEMANDED</u>
14  as POLICE OFFICERS for the CITY OF  )
   VALLEJO,            )
15                    )
       Defendants    )
16                    )
                     )
17                    )
                     )
18                    )

19

20                 **INTRODUCTION**

      1.   This is an action for damages brought pursuant to Title 42 U.S.C § 1983, and the
21

Fourth and Fourteenth Amendments to the United States Constitution, under
22

California Civil Code § 52.1, and under the common law of California.  This
23

action is against individual officers of the Vallejo Police Department, J. Bauer,
24

Star #586, and J. Huff, Star #591.
25
                 **JURISDICTION**

      2.   This action arises under 42 U.S.C § 1983.  Jurisdiction is conferred upon this

court by 28 U.S.C §§ 1331, 1343 and 28 U.S.C. 1367(a).

## PARTIES

3.    Plaintiff LONDELL AUSTIN ("Plaintiff") is a competent adult, and at all times mentioned herein was a resident of Vallejo, California, and a United States citizen.

4.    Defendant J. BAUER is a competent adult and at all times mentioned herein was a Police Officer for the City of Vallejo Police Department.

5.    Defendant J. HUFF is a competent adult and at all times mentioned herein was a Police Officer for the City of Vallejo Police Department.

6.    Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

7.    In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the City of Vallejo Police Department.

8.    In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

9.    Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other

COMPLAINT FOR DAMAGES
LONDELL AUSTIN vs. J. HUFF and J. BAUER (Vallejo Police Department Officers)

Defendants herein.

## FACTS

10.   On July 11, 2009, Londell Austin returned to his home at 137 Ruby Lane.

11.   Londell Austin's wife, angry at him because of perceived infidelity, called the police, indicating that she did not want him around.

12.   Defendants J. HUFF and J. BAUER responded to the scene, allowed Mr. Austin into the house, and conducted an investigation into the circumstances surrouding their summons.

13.   Defendants repeatedly told Mr. Austin's wife that they had no power to force him to leave the residence; there had not been any complaints of violence, nor had she communicated any fears for her safety.

14.   While in his bedroom, undressed and ready for bed, with Defendants in his bedroom, Mr. Austin told Defendants that he was not going to comply with his wife's request to leave the house and in fact was immediately going to get in his bed.

15.    Defendant J. HUFF, with no warning, deployed his Taser, striking Mr. Austin in his torso.

16.   Mr. Austin was arrested and taken to the patrol vehicle in his boxer shorts, without a shirt or shoes.

17.   Defendants took Mr. Austin to the Emergency Room where he was admitted for observation and treatment.

18.   Mr. Austin was charged with obstructing a police officer and assaulting a police officer; misdemeanor charges filed by the Solano County District Attorney were later dismissed.

19.   Mr. Austin's physical injures resulting from the incident included lacerations, swelling, bruising, chest pain, anxiety and terror.

COMPLAINT FOR DAMAGES
LONDELL AUSTIN vs. J. HUFF and J. BAUER (Vallejo Police Department Officers)

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS)

(AGAINST ALL DEFENDANTS HEREIN AND DOES through 100)

20.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19.

21.     Defendants' above-described conduct violated plaintiff's right to be free from excessive and/or arbitrary force and unreasonable seizure without reasonable or probable cause, or due process, under the Fourth and Fourteenth Amendments to the United States Constitution.

22.     As a proximate result of the foregoing wrongful acts of Defendant, Plaintiff has sustained, and will in the future sustain, pecuniary loss and other compensable injuries.

23.     As a further proximate result of the acts of Defendant, Plaintiff suffered general damages including pain and suffering.

24.     In doing the foregoing wrongful acts Defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

(VIOLATION OF CALIFORNIA CIVIL CODE, § 52.1)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

25.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24.

26.     Defendants' above-described conduct constituted interference and attempted interference with Plaintiff's peaceable exercise and enjoyment of rights secured by the laws of the United States Constitution and the State of California in violation of California Civil Code § 52.1.

COMPLAINT FOR DAMAGES
LONDELL AUSTIN vs. J. HUFF and J. BAUER (Vallejo Police Department Officers)

- 4

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

(ASSAULT)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

27.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26.

28.   Defendants had a duty to act reasonably and not engage in conduct, which causes individuals to reasonably fear imminent offensive harmful touching.

29.   Defendants acted unreasonably and breached the aforementioned duty, because they used excessive force on Plaintiff.

30.   As a proximate result of Defendant's breach of duty, Plaintiff was placed in fear of an immediate harmful offensive touching.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

(BATTERY)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

31.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30.

32.   Defendants had a duty to act reasonably and not engage in conduct, which causes harmful offensive touching to an individual's person.

33.   Defendants acted unreasonably and breached the aforementioned duty when Defendant deployed a Taser on Plaintiff.

34.   As a proximate result of Defendant's breach of duty, Plaintiff was wounded and suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR DAMAGES
LONDELL AUSTIN vs. J. HUFF and J. BAUER (Vallejo Police Department Officers)

## FIFTH CAUSE OF ACTION

### (FALSE IMPRISONMENT)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

35.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34.

36.   Defendants and DOES 1-100 inclusive, in their individual capacities, and official capacities as employees of the City of Vallejo Police Department, falsely arrested and imprisoned Plaintiff without probable cause.

37.   Defendants and DOES 1-100, inclusive, failed to observe proper procedures in falsely imprisoning Plaintiff without probable cause.  The Defendants exceeded the limits of their authority as a police officer in falsely arresting and imprisoning the Plaintiff without probable cause.

38.   As a proximate result of Defendants conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (NEGLIGENCE)

### (AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through 100)

39.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38.

40.   Defendants and DOES 1-100 inclusive, in their individual capacities, and official capacities as employees of the City of Vallejo Police Department, negligent actions and/or negligent failures to act, as set forth herein above proximately caused the emotional, physical and financial injuries visited upon plaintiff LONDELL AUSTIN.

41.   Plaintiff brings this action and claim for damages from, said Defendants for negligent actions and failure to act, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR DAMAGES
LONDELL AUSTIN vs. J. HUFF and J. BAUER (Vallejo Police Department Officers)

- 6 -

### SEVENTH CAUSE OF ACTION

(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through100)

42.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41.

43.   Defendants and DOES 1-100 inclusive, in their individual capacities, and official capacities as employees of the City of Vallejo Police Department, caused negligent infliction of emotional distress that included, but was not limited to, mental abuse. The mental abuse caused LONDELL AUSTIN to reasonably fear for his safety. The physical and mental abuse resulted in LONDELL AUSTIN suffering severe emotional distress with attendant physical manifestations.

44.   Plaintiff brings this action against, and claim for damages from, said Defendants for negligent infliction of emotional distress, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

(AGAINST ALL DEFENDANTS HEREIN AND DOES 1 through100)

45.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44.

46.   Defendants and DOES 1-100 inclusive, in their individual capacities, and official capacities as employees of the City of Vallejo Police Department, caused intentional infliction of emotional distress that included, but was not limited to, mental abuse. The mental abuse caused LONDELL AUSTIN to reasonably fear for his safety. The mental abuse resulted in the LONDELL AUSTIN suffering severe emotional distress with attendant physical manifestations.

47.   Plaintiff brings this action against, and claim for damages from, said defendants for negligent infliction of emotional distress, and resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR DAMAGES
LONDELL AUSTIN vs. J. HUFF and J. BAUER (Vallejo Police Department Officers)

- 7 -

## JURY DEMAND

48.   Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.   For general damages in a sum of $500,000.00;

2.   For special damages in a sum according to proof;

3.   For punitive damages in a sum according to proof;

4.   For reasonable attorney's fees;

5.   For cost of suit herein incurred; and

6.   For such other and further relief as the Court deems just and proper.

Dated this 25 August, 2010                    LAW OFFICES OF CHE L. HASHIM

**CHE L. HASHIM**
**861 Bryant Street**
**San Francisco, CA 94103**
**415/487-1700**
**415/431-1312 (fax)**
**che.hashim.esq@gmail.com**

**Attorneys for Plaintiff**
**LONDELL AUSTIN**

COMPLAINT FOR DAMAGES
LONDELL AUSTIN vs. J. HUFF and J. BAUER (Vallejo Police Department Officers)